Gregory G. Barnett (GGB-3751)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MUND & FESTER GMBH & CO.KG a/s/o
PETORCA VALLEY, S.A.

                2007 Civ.

            Plaintiff,

          - against -                  **COMPLAINT**

M/V RIO TOLTEN and M/V MARUBO
COTOPAXI, their engines, boilers, tackle, furniture,
apparel, etc *in rem*; CSAV Sud Americana de
Vapores S.A., and American Transportation Group,
*in personam*,

           Defendants.
-----------------------------------------------------------------X



Plaintiff, MUND & FESTER GMBH & CO.KG a/s/o PETORCA VALLEY, S.A (hereinafter "M&F" or "Plaintiff"), by and through its attorneys, Casey & Barnett, as and for its Complaint against the M/V RIO TOLTEN and M/V MARUBO COTOPAXI, their engines, boilers, tackle, furniture, apparel, etc., *in rem* and CSAV Sud Americana de Vapores S.A., and American Transportation Group, *in personam*, alleges upon information and belief as follows:

### PARTIES

1.     At all material times, M&F was and is a foreign corporation with an office and place of business located at Trostbrucke 4 20457 Hamburg, Germany and is the subrogated underwriter of two consignments of 1920 and 1440 cases of fresh avocados laden on board the M/V RIO TOLTEN and M/V MARUBO COTOPAXI, as more specifically described below.

2. Upon information and belief, defendant, CSAV Sud Americana De Vapores S.A. (hereinafter "CSAV"), was and is a foreign corporation with an office and place of business located at 99 Wood Avenue South, 9th Floor, Iselin, New Jersey 08830, and was and still is doing business in this jurisdiction directly and/or through an agent and was at all times acting as the owner, operator and/or manager of the M/V RIO TOLTEN and M/V MARUBO COTOPAXI, and as common carrier of goods by water for hire.

3. Upon information and belief, at all times hereinafter mentioned, defendants M/V RIO TOLTEN (hereinafter "vessel #1") and M/V MARUBO COTOPAXI (hereinafter "vessel #2"), were and still are vessels operated as common carriers of goods in ocean transportation for hire and upon information and belief, they are now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

4. Upon information and belief, at all times hereinafter mentioned, Defendant, American Transportation Group (hereinafter "ATG"), was and still is a business entity duly organized and existing under the laws of a foreign country, with an office at 99 Wood Avenue South, Iselin, New Jersey 08830, and who was at all times acting as the owner, operator and/or manager of the M/V RIO TOLTEN and M/V MARUBO COTOPAXI, and as a common carrier of goods by water and/or agent of CSAV.

**JURISDICTION**

5. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States

## FACTS

6.    On or about September 10 – 12, 2006, consignments, consisting of 1920 cases of fresh avocados and 1440 cartons of fresh avocados, then being in good order and condition, were delivered to the MV RIO TOLTEN and the *in personam* defendants and/or their agents in San Antonio, Chile, for transportation to Long Beach, California in consideration of an agreed upon freight, pursuant to certain bills of ladings, including bill of lading numbers CHIW01G120313 and CHIW01G120320.

7.    Thereafter, the consignments having been loaded aboard the M/V RIO TOLTEN, Voyage No. 00638N, the vessel sailed from the port of San Antonio, Chile to the port of Manzanillo, Mexico for transshipment to the M/V GLORIA.

8.    Both consignments missed the scheduled voyage aboard the M/V GLORIA, which was due to arrive in Long Beach, California on Septermber 30, 2006.

9.    Subsequently, both consignments were both loaded onto the M/V MARUBO COTOPAXI, Voyage No. 00639N, which did not arrive in Long Beach until October 7, 2006.

10.   Following discharge, it was discovered that the consignments were not in the same good order and condition as when received by the defendants, but instead, had sustained damages during transit.

11.   Upon inspection, it was determined that the damages sustained to the avocados during transit were the result of elongated transit time and elevated temperature exposure during the voyage while the consignments were in the care and custody of CSAV and/or their agents.

12.   As a result of the damages sustained to the shipments, Petorca Valley, S.A. sustained a loss in the amount of $52,709.90.

13. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unseaworthiness and bailment on the part of the defendants.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between Petorca Valley, S.A and Mund & Fester GMBH, which provided coverage for, among other things, loss or damage to the consignments.

15. Pursuant to the aforementioned contract of insurance between Petorca Valley, S.A and Mund & Fester GMBH, monies have been and will be expended on behalf of Petorca Valley, S.A in the amount of $52,709.90 to the detriment of Mund & Fester GMBH due to the damages sustained during transit.

16. As Mund & Fester GMBH has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, Mund & Fester GMBH has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

17. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

18. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

19. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $52,709.90.

20. Plaintiff has a maritime lien against the M/V RIO TOLTEN and M/V MARUBO COTOPAXI for the damages referred to herein and will enforce that lien in these proceedings.

21. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. In rem service of process be issued against the M/V RIO TOLTEN and M/V MARUBO COTOPAXI, their engines, boilers, tackle, furniture, apparel, etc.; that the vessels be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the in personam defendants cannot be found within this District, then all their property within this District be attached in the amount of $52,709.90 with interest thereon and costs, the sums sued for in this Complaint;

3. The M/V RIO TOLTEN and M/V MARUBO COTOPAXI, their engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiffs;

4. The Court order, adjudge and decree that defendants CSAV Sud Americana de Vapores S.A., American Transportation Group, M/V RIO TOLTEN and M/V MARUBO COTOPAXI be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
September 14, 2007
260-54

          CASEY & BARNETT, LLC
          Attorneys for Plaintiff

By: _____
          Gregory G. Barnett (GGB-3751)
          317 Madison Avenue, 21st Floor
          New York, New York 10017
          (212) 286-0225